DOUGLAS M. COHEN, ESQ.
Nevada Bar No. 1214
FENNEMORE CRAIG, P.C.
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
Facsimile: (702) 692-8099
E-mail: dcohen@fclaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\* \* \***

PARENT DOE, individually, and as the father of JOHN DOE, his minor son, and JOHN DOE, individually,

Plaintiffs,

vs.

CLARK COUNTY SCHOOL DISTRICT; FOOTHILL HIGH SCHOOL; CLARK COUNTY SCHOOL DISTRICT POLICE; ERIN WING; JEANNE DONADIO; JOHN DOES I-X, inclusive; and ROE CORPORATIONS I-X, inclusive,

Defendants.

Case No.

**COMPLAINT**

**-and-**

**JURY DEMAND**

FENNEMORE CRAIG, P.C.
SUITE 1400
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101

Plaintiffs, PARENT DOE, individually, and as the father of JOHN DOE, his minor son, and JOHN DOE, individually, hereby complain against the Defendants as follows:

1.     Federal jurisdiction exists in this case based on 28 USC §1331. Venue is based on 28 USC §1391.

2.     PARENT DOE is the parent of his minor son, JOHN DOE, both residents of Clark County, Nevada. PARENT DOE brings this action pursuant to N.R.S. 12.080. JOHN DOE was a student at Foothill High School in the Clark County School District in Clark County, Nevada, and is a tender and vulnerable person as defined in N.R.S. 41.1395.

3.     PARENT DOE and JOHN DOE bring this action anonymously with pseudonyms because special circumstances exist. The need for anonymity outweighs prejudice to the opposing

1

parties and the public's interest in knowing the parties' identities.   A nondisclosure of the Plaintiffs' identities is necessary to protect them from harassment, injury, ridicule or personal embarrassment.   The facts supporting the need for anonymity and the use of pseudonyms are obvious and stated below.

4.   Defendant, FOOTHILL HIGH SCHOOL, is a high school in the CLARK COUNTY SCHOOL DISTRICT located Clark County, Nevada, and was attended by JOHN DOE in the ninth grade and part of the tenth grade, during the freshman and sophomore year. FOOTHILL HIGH SCHOOL receives federal financial assistance.

5.   Defendant, CLARK COUNTY SCHOOL DISTRICT, is the school district that encompasses all public schools in Clark County, Nevada, including FOOTHILL HIGH SCHOOL. The CLARK COUNTY SCHOOL DISTRICT receives federal financial assistance.

6.   Defendant, CLARK COUNTY SCHOOL DISTRICT POLICE, is the police department for the Clark County, Nevada School District.

7.   Defendant, ERIN WING, is a teacher at FOOTHILL HIGH SCHOOL and resident of Clark County, Nevada.

8.   Defendant, JEANNE DONADIO, is the principal of FOOTHILL HIGH SCHOOL and a resident of Clark County, Nevada.

9.   The true names and capacities of Defendants, JOHN DOES I-X and ROE CORPORATIONS I-X, are unknown to Plaintiffs, therefore, Plaintiffs sue those Defendants by such fictitious names.   Plaintiffs allege on information and belief that each of the Defendants designated as a DOE is a partner, officer, director, employer, or employee, or is in some manner associated with one or more of the Defendants, and is responsible in some manner for the events referred to herein.   Plaintiffs allege on information and belief that each of the ROE CORPORATIONS is the parent corporation, sibling corporation, subsidiary corporation, partner, shareholder, or alter ego of, or in some manner associated with one or more of the Defendants and is responsible in some manner for the events referred to in this Complaint.   Plaintiffs will ask leave of this Court to amend their Complaint to insert the true names and capacities of these Defendants and to join such Defendants in this action when such names have been ascertained by

FENNEMORE CRAIG, P.C.
SUITE 1400
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101

Plaintiffs.

FACTS COMMON TO ALL CLAIMS

10.    Paragraphs 1 through 9 above are incorporated herein by reference.

11.    PARENT DOE is the parent of JOHN DOE, a minor (date of birth:  October 8, 1997).

12.    JOHN DOE is an exceptional student, but suffers from emotional disorders including, but not limited to, severe anxiety panic attacks and resulting depression, and was under psychiatric care and medication for his disability.

13.    JOHN DOE attended FOOTHILL HIGH SCHOOL as a ninth grade freshman, 2012-2013, and as a sophomore, for part of 2013-2014.

14.    Based on his qualifying disability, JOHN DOE applied for and was granted, by the CLARK COUNTY SCHOOL DISTRICT, a Section 504 evaluation summary and accommodation plan to begin November 30, 2012.

15.    According to the 504 accommodation plan, JOHN DOE "will be given extra time to make up homework, tests and quizzes when needed;" "[c]lass notes will be provided for [JOHN DOE] as requested;" and, "[JOHN DOE] will be given free use of an emergency passport to the nurse's office for when he needs to leave class abruptly."

16.    JOHN DOE's ninth grade English teacher is hereinafter referred to as "Teacher." Teacher had a previous history or reputation at the CLARK COUNTY SCHOOL DISTRICT for exhibiting inappropriate flirtatious or grooming behavior with minor male students.  The Clark County School District knew about Teacher's inappropriate flirtatious or grooming behavior but acted with deliberate indifference toward her conduct when it hired her as a full-time English teacher.

17.    The CLARK COUNTY SCHOOL DISTRICT acted with deliberate indifference toward Teacher's inappropriate behavior when it failed to train and supervise her.

18.    On May 8, 2013, Teacher lured JOHN DOE into sexual conduct ("May 8, 2013 Incident") and she later pleaded guilty on March 18, 2014, to a felony of "luring children or mentally ill persons with the intent to engage in sexual conduct."  This was the culmination of an

FENNEMORE CRAIG, P.C.
SUITE 1400
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101

1    ongoing relationship between Teacher and JOHN DOE.  (The "May 8, 2013 Incident" includes the

2    improper relationship that existed between Teacher and JOHN DOE beginning in his freshman

3    year through May 8, 2013.)

4          19.    Teacher's inappropriate flirtatious and grooming behavior, and conduct with JOHN

5    DOE leading up to the May 8, 2013 Incident, was conduct known to fellow FOOTHILL HIGH

6    SCHOOL and CLARK COUNTY SCHOOL DISTRICT administration.

7          20.    Leading up to the May 8, 2013 Incident, JOHN DOE continually missed his sixth

8    period class to spend time with Teacher on the FOOTHILL HIGH SCHOOL premises,  during

9    which time Teacher was acting in the course and scope of her employment.   JOHN DOE's

10   absence from the sixth period class was detailed and logged by the FOOTHILL HIGH SCHOOL

11   administration and the CLARK COUNTY SCHOOL DISTRICT and they exhibited a deliberate

12   indifference towards these absences.

13         21.    On May 9, 2013, the CLARK COUNTY SCHOOL DISTRICT POLICE was

14   notified about JOHN DOE's incident with Teacher.

15         22.    The CLARK COUNTY SCHOOL DISTRICT POLICE retrieved JOHN DOE from

16   class at the FOOTHILL HIGH SCHOOL, parading him in front of a class of students and taking

17   him to the FOOTHILL HIGH SCHOOL office.  The CLARK COUNTY SCHOOL DISTRICT

18   POLICE questioned JOHN DOE for one and a half hours and threatened that if he did not give

19   them all of the details about his relationship with Teacher, the CLARK COUNTY SCHOOL

20   DISTRICT POLICE would pull out other students from class and question them about the

21   relationship. The CLARK COUNTY SCHOOL DISTRICT questioned JOHN DOE in a harassing

22   manner as though he was a criminal and not the victim.  The office where the CLARK COUNTY

23   SCHOOL DISTRICT POLICE interrogated JOHN DOE had windows subjecting JOHN DOE to

24   students peering in the office to see JOHN DOE being interrogated by the police.  Other students

25   saw JOHN DOE being escorted to the office.  As a result of the outrageous and public manner in

26   which the CLARK COUNTY SCHOOL DISTRICT POLICE handled the situation, the

27   FOOTHILL HIGH SCHOOL students put two and two together and found out that JOHN DOE

28   was the student who had a relationship with Teacher, as her picture was plastered all over the news

FENNEMORE CRAIG, P.C.
SUITE 1400
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101

on May 9, 2013, and on social media.  The CLARK COUNTY SCHOOL DISTRICT POLICE directly and with deliberate indifference subjected JOHN DOE's private affairs to the public, causing him great humiliation, embarrassment, teasing, bullying, cyberbullying and emotional distress.

23.    The CLARK COUNTY SCHOOL DISTRICT and FOOTHILL HIGH SCHOOL and the FOOTHILL HIGH SCHOOL principal, JEANNE DONADIO, failed with deliberate indifference to implement JOHN DOE's 504 accommodation plan, even after the May 8, 2013 Incident incident, fostering the continuation of the effects of the Teacher's sexual abuse of JOHN DOE, causing him great emotional distress, anxiety and damages.  After the May 8, 2013 Incident, JOHN DOE's teachers were openly and humiliatingly hostile toward him, and refused to accommodate his disability from  anxiety, panic and depression and to implement the 504 plan.

24.    This situation continued into the summer of JOHN DOE's ninth grade year.

25.    During JOHN DOE's tenth grade year at FOOTHILL HIGH SCHOOL as a sophomore, the FOOTHILL HIGH SCHOOL/CLARK COUNTY SCHOOL DISTRICT and JEANNE DONADIO, principal, continued their deliberate indifference toward the implementation of the 504 plan, and the accommodation of JOHN DOE's disability according to the 504 plan, causing him great emotional distress, anxiety and damages.

26.    In January of 2014, JOHN DOE's tenth grade English teacher, ERIN WING, employee of the CLARK COUNTY SCHOOL DISTRICT and FOOTHILL HIGH SCHOOL, consciously and recklessly engaged in despicable conduct against him, during the course and scope of her employment, causing him great emotional distress, anxiety and damages.  ERIN WING was a participant of the 504 plan, was friends with Teacher, knew about JOHN DOE's tender and vulnerable condition and anxiety, and knew about his relationship with Teacher.  In January of 2014, ERIN WING inappropriately discussed with JOHN DOE that she was previously raped and understood his anxiety, and that JOHN DOE put her best friend, Teacher, out of a job, causing him severe emotional distress.  ERIN WING told JOHN DOE to keep quiet about their conversation, that it was just between them, and that the conversation was private.  ERIN WING's conduct was outrageous and she exhibited a deliberate indifference towards JOHN DOE's 504

FENNEMORE CRAIG, P.C.
SUITE 1400
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101

plan, his disability,  and his vulnerable and tender state after the May 8, 2013 Incident.  ERIN WING cruelly stated to JOHN DOE's entire English class that he hides behind his emotions with humor, further humiliating him and causing great anxiety and emotional distress.

JEANNE DONADIO wrongfully defended ERIN WING's outrageous comments to JOHN DOE, claiming that his "unstable mindset" caused him to misunderstand her.  JEANNE DONADIO's actions showed a deliberate indifference to JOHN DOE's 504 plan and disability and his tender and vulnerable condition.

The CLARK COUNTY SCHOOL DISTRICT, FOOTHILL HIGH SCHOOL, CLARK COUNTY SCHOOL DISTRICT POLICE, ERIN WING, and JEANNE DONADIO discriminated against JOHN DOE's constitutional and federally protected rights.  The Defendants' actions rendered any appeal regarding JOHN DOE's 504 plan futile.

27.    As a direct and proximate result of the individual and/or cumulative acts of the CLARK COUNTY SCHOOL DISTRICT/FOOTHILL HIGH SCHOOL, the CLARK COUNTY SCHOOL DISTRICT POLICE, ERIN WING, and JEANNE DONADIO, JOHN DOE attempted suicide in February, 2014, and suffered extreme emotional distress.  As a further direct and proximate result of the Defendants' cumulative and/or individual acts, JOHN DOE was unable to continue his education at FOOTHILL HIGH SCHOOL necessitating that he finish tenth grade in after-hours instruction at the location of Coronado High School in Henderson, Nevada.  As a further direct and proximate cause of Defendants' cumulative, and/or individual acts, JOHN DOE now attends private boarding school in Arizona, at great expense and emotional distress and anxiety to PARENT DOE.  As a further direct and proximate cause of the Defendants' cumulative and/or individual acts, JOHN DOE and PARENT DOE suffered medical expenses, past, present and future.

<u>VIOLATION OF 28 USC §1983</u>

28.    Paragraphs 1 through 27 are incorporated herein.

29.    JOHN DOE had a  constitutional right to be free from grievous physical, emotional and psychological injury. ERIN WING and JEANNE DONADIO acted in their personal capacity. They violated 28 USC §1983 and personally and intentionally deprived JOHN DOE of his rights

FENNEMORE CRAIG, P.C.
SUITE 1400
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101

FENNEMORE CRAIG, P.C.
SUITE 1400
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101

1   under color of state law in handling his disability and educational needs after the May 8, 2013

2   Incident and by participating in and/or fostering a continuation of the effects of the abuse suffered

3   by JOHN DOE.  They psychologically abused JOHN DOE.

4         30.    ERIN WING and JEANNE DONADIO also acted in their official capacity when

5   they intentionally and deliberately ignored or showed deliberate indifference to JOHN DOE's

6   disability, his educational and constitutional rights,  and the continuing effects of Teacher's sexual

7   abuse.  They were aware of the risk to JOHN DOE by ignoring his 504 plan and psychological and

8   educational needs after the May 8, 2013 Incident.  This was a pattern of abuse.  It was their policy,

9   custom and habit to fail to implement 504 plans, and in this case they failed with deliberate

10  indifference to accommodate JOHN DOE's educational needs.  They discriminated against him.

11  Their response to the needs of JOHN DOE was clearly inadequate or clearly an inadequate

12  responsive action.  JEANNE DONADIO was a person with policy-making authority who ratified

13  the FOOTHILL HIGH SCHOOL teacher participants' intentional failure to abide by the law to

14  properly implement JOHN DOE's 504 plan and to accommodate his educational and

15  psychological needs.  Her inaction exhibited deliberate indifference.  The CLARK COUNTY

16  SCHOOL DISTRICT exhibited a deliberate indifference to JEANNE DONADIO'S/FOOTHILL

17  HIGH SCHOOL's deprivation of JOHN DOE's federal rights under his 504 plan and his

18  constitutional right to be free from grievous physical, emotional and psychological injury.  The

19  CLARK COUNTY SCHOOL DISTRICT's policy, custom or practice was to ignore the

20  appropriate implementation of 504 plans to ensure that further and continuing psychological abuse

21  was not levied on victims such as JOHN DOE.  The CLARK COUNTY SCHOOL DISTRICT

22  was on notice that its omission to effectively administer JOHN DOE's 504 plan would likely

23  result in a deprivation of his right to public education and violate his person.

24        31.    The CLARK COUNTY SCHOOL DISTRICT had knowledge of the propensities

25  of Teacher and through its policies and/or deliberate indifference towards her behavior took no, or

26  clearly inadequate, responsive action, directly leading to and causing a deprivation of JOHN

27  DOE's constitutional and/or federally protected rights.  The CLARK COUNTY SCHOOL

28  DISTRICT, by and through its own policies and actions of JEANNE DONADIO, failed to

1   adequately guard against sexual molestation by teachers through training and supervision to such

2   an extent that it rose to a level of deliberate indifference to the constitutional rights of citizens who

3   come in contact with these teachers, especially given the rash of teacher sexual molestation of

4   minors in the CLARK COUNTY SCHOOL DISTRICT. THE CLARK COUNTY SCHOOL

5   DISTRICT exhibited a deliberate indifference its systemic problem relating to the screening,

6   hiring and  supervision of perverse teachers in its haste to fill open teaching positions.

7      32. The CLARK COUNTY SCHOOL DISTRICT POLICE/CLARK COUNTY

8   SCHOOL DISTRICT violated 42 USC §1983 when they submitted JOHN DOE to psychological

9   abuse through a pattern and policy of not protecting victims of sexual abuse such as JOHN DOE

10  from public humiliation, embarrassment and emotional distress.  It was their policy, custom and/or

11  practice to remove students from class and interrogate them in insecure rooms with deliberate

12  indifference to the victim's privacy rights, disability, and vulnerability, thereby violating the

13  victim's right of public education free from psychological abuse.  The CLARK COUNTY

14  SCHOOL DISTRICT POLICE and the CLARK COUNTY SCHOOL DISTRICT participated in

15  the continuing psychological abuse of JOHN DOE after the May 8, 2013 Incident, thereby

16  violating his constitutional rights.

17     33. The CLARK COUNTY SCHOOL DISTRICT has suffered a rash of incidents of

18  teacher molestation of minor students.   The failure of the CLARK COUNTY SCHOOL

19  DISTRICT  to take action to prevent sexual molestation of minor students in its care, by its own

20  employees, shows a deliberate indifference to the unfortunate and very real risk that such

21  execrable assaults would occur, especially when Teacher exhibited flirtatious and grooming

22  behavior prior to being hired as a full-time English teacher at FOOTHILL HIGH SCHOOL.

23     <u>VIOLATION OF TITLE IX, 20 USC §1681(a)</u>

24     34. Paragraphs 1 through 33 are incorporated herein.

25     35. The CLARK COUNTY SCHOOL DISTRICT and the CLARK COUNTY

26  SCHOOL DISTRICT POLICE furthered the Teacher's sexual harassment and discrimination

27  against JOHN DOE as stated above subjecting him to exclusion from, or effectively participating

28  in, an educational program (public education) or activity receiving federal financial assistance, in

FENNEMORE CRAIG, P.C.
SUITE 1400
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101

violation of Title IX of the Education Act of 1972, 20 USC §1681(a).  The CLARK COUNTY SCHOOL DISTRICT, by and through JEANNE DONADIO, failed to institute corrective measures on JOHN DOE's behalf to stop the severe emotional distress caused by FOOTHILL HIGH SCHOOL's teachers and failed to implement the 504 plan.  JEANNE DONADIO had actual knowledge of the harassment and discrimination, and she had a deliberate indifference to the continuation of the harassment and discrimination.

<u>VIOLATION OF THE AMERICANS WITH DISABILITY ACT</u>

36.    Paragraphs 1 through 35 are incorporated herein.

37.    JOHN DOE has a disability involving anxiety and is a qualified individual for reasonable accommodation by the CLARK COUNTY SCHOOL DISTRICT.

38.    The CLARK COUNTY SCHOOL DISTRICT and JEANNE DONADIO exhibited a deliberate indifference to effective implementation of JOHN DOE's 504 plan and intentionally and with deliberate indifference allowed the sexual discrimination and psychological abuse of JOHN DOE to continue by failing to implement JOHN DOE's 504 plan.  They excluded JOHN DOE from receiving benefits from the CLARK COUNTY SCHOOL DISTRICT services and programs.

39.    The CLARK COUNTY SCHOOL DISTRICT showed deliberate indifference when it failed to follow its own 504 policies and procedures that required an effective and thorough "team meeting" at least annually to accommodate JOHN DOE and to make sure the 504 plan is being followed.

<u>NEGLIGENCE</u>

40.    Paragraphs 1 through 39 are incorporated herein.

41.    The CLARK COUNTY SCHOOL DISTRICT negligently hired, trained, retained and supervised Teacher, given her past flirtatious and grooming history with minors and given the rash of sexual molestation of minor students by CLARK COUNTY SCHOOL DISTRICT teachers.  The CLARK COUNTY SCHOOL DISTRICT negligently failed to monitor Teacher after JOHN DOE repeatedly missed sixth period classes to spend time with Teacher on the FOOTHILL HIGH SCHOOL premises.   The CLARK COUNTY SCHOOL DISTRICT

FENNEMORE CRAIG, P.C.
SUITE 1400
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101

9

1   negligently failed to comply with its own 504 policies and procedures.

2   <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

3   42.   Paragraphs 1 through 41 are incorporated by reference herein.

4   43.   ERIN WING's and JEANNE DONADIO's actions, comments and discussions

5   with JOHN DOE and the CLARK COUNTY SCHOOL DISTRICT POLICE's actions were

6   extreme and outrageous and committed with either the intention of violating, or reckless disregard

7   for, the rights and safety of JOHN DOE causing him extreme emotional distress.

8   <u>PUBLIC DISCLOSURE OF PRIVATE FACTS, INVASION OF PRIVACY AND</u>

9   <u>BULLYING</u>

10   44.   Paragraphs 1 through 43 are incorporated by reference herein.

11   45.   The CLARK COUNTY SCHOOL DISTRICT POLICE publicly disclosed private

12   facts and invaded the privacy of JOHN DOE, when they had him yanked from class and paraded

13   him through the FOOTHILL HIGH SCHOOL halls to an insecure office where students could

14   peek in to see his interrogation, causing the other students to put two and two together and

15   allowing them to determine that JOHN DOE was involved in a relationship with Teacher.   The

16   CLARK COUNTY SCHOOL DISTRICT POLICE acted with a conscious and reckless disregard

17   for the privacy of JOHN DOE, publicizing the May 8, 2013 Incident to the entire FOOTHILL

18   HIGH SCHOOL student body, staff and social media.   The CLARK COUNTY SCHOOL

19   DISTRICT POLICE unreasonably and unnecessarily placed private affairs of JOHN DOE before

20   the public. JOHN DOE had a right to seclusion during his interrogation by the CLARK COUNTY

21   SCHOOL DISTRICT POLICE.   The CLARK COUNTY SCHOOL DISTRICT POLICE

22   subjected JOHN DOE to public scrutiny in the interrogation room at FOOTHILL HIGH

23   SCHOOL.   ERIN WING's and JEANNE DONADIO's outrageous conversations with JOHN

24   DOE violated Nevada's anti-bullying statute, N.R.S. 388.122, *et seq.*   The acts of the CLARK

25   COUNTY SCHOOL DISTRICT POLICE caused JOHN DOE to suffer violations of student

26   bullying in violation of Nevada law.

27   <u>VIOLATION OF VULNERABLE PERSONS STATUTE</u>

28   46.   Paragraphs 1 through 45 are incorporated by reference herein.

FENNEMORE CRAIG, P.C.
SUITE 1400
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101

47.     JOHN DOE is a vulnerable person as defined in N.R.S. 41.1395.  Defendants intentionally and/or recklessly caused extreme emotional distress to JOHN DOE who is entitled to attorney's fees, costs and double damages.

<u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>

48.     Paragraphs 1 through 47 are incorporated by reference herein.

49.     Defendants negligently injured JOHN DOE.  PARENT DOE is the father of JOHN DOE and was located at the scene of JOHN DOE's attempted suicide.

50.     PARENT DOE suffered shock and extreme mental and physical pain and suffering and emotional distress from the sensory and contemporaneous observance of JOHN DOE's attempted suicide.  PARENT DOE also suffered medical costs, past, present and future as a direct and proximate result of the Defendants' negligent infliction of emotional distress

<u>DAMAGES</u>

51.     Paragraphs 1 through 50 are incorporated by reference herein.

52.     As a direct and proximate result of Defendants' conduct, individually, officially, and/or cumulatively, JOHN DOE suffered extreme emotional distress, physical and mental pain and suffering and medical expenses, past, present and future, and PARENT DOE suffered economic loss for the payment of JOHN DOE's medical expenses and tuition expenses, and for his own medical costs, past, present and future.  As a further direct and proximate result of Defendants' conduct, Plaintiffs incurred attorneys' fees.

53.     JOHN DOE is also entitled to attorneys' fees pursuant to 42 USC §1988 and for all of his state and federal claims.

<u>PUNITIVE DAMAGES AGAINST INDIVIDUAL DEFENDANTS ONLY</u>

54.     Paragraphs 1 through 53 are incorporated by reference herein.

55.     ERIN WING and JEANNE DONADIO engaged in despicable conduct with a conscious and reckless disregard for the rights and safety of JOHN DOE.  They knew of the probable harmful consequences of their wrongful acts and exhibited a willful and deliberate failure to act to avoid those consequences.

WHEREFORE, Plaintiffs pray for relief against Defendants as follows:

FENNEMORE CRAIG, P.C.
SUITE 1400
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101

1.      General damages in excess of $10,000;

2.      Special damages in excess of $10,000;

3.      Punitive damages against individual Defendants in excess of $10,000;

4.      Reasonable and/or double attorneys' fees and costs; and,

5.      Such other and further relief as this Court deems necessary, just, and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury of all claims asserted in this Complaint.

DATED this _2-8_ day of April, 2015.

FENNEMORE CRAIG, P.C.

By_____
DOUGLAS M. COHEN, ESQ.
Nevada Bar No. 1214
300 South Fourth Street, Suite 1400
Las Vegas, Nevada  89101
*Attorneys for Plaintiffs*

FENNEMORE CRAIG, P.C.
SUITE 1400
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101