1  CLARK COUNTY SCHOOL DISTRICT
   OFFICE OF THE GENERAL COUNSEL
2  S. SCOTT GREENBERG, ESQ.
   Nevada Bar No. 4622
3  5100 W. Sahara Ave.
   Las Vegas, Nevada 89146
4  (702) 799-5373
   Attorneys for Defendants
5

6                    **UNITED STATES DISTRICT COURT**

7                        **DISTRICT OF NEVADA**

8

9  PARENT DOE, individually, and
   as the father of JOHN DOE, his
10 minor son, and JOHN DOE,                CASE NO.:
   individually,                          2:15-cv-00793-RFB-GWF
11
            Plaintiffs,
12                                        **STIPULATED CONFIDENTIALITY**
   v.                                     **AGREEMENT AND PROTECTIVE ORDER**
13
   CLARK COUNTY SCHOOL
14 DISTRICT/FOOTHILL HIGH
   SCHOOL/CLARK COUNTY SCHOOL
15 DISTRICT POLICE; ERIN WING;
   JEANNE DONADIO; JOHN DOES I-X,
16 inclusive; and ROE CORPORATIONS
   I-X, inclusive
17
            Defendant.
18

19      The parties to this action, identified below, herein enter the

20 following stipulations and agreements and request the Court enter

21 an Order for the same:

22      A.    Counsel  for  Plaintiffs,  JOHN  DOE  and  PARENT  DOE,

23 collectively the "Plaintiffs," and

24      B.    Counsel  for  Defendants,  CLARK  COUNTY  SCHOOL  DISTRICT

25 (CCSD); FOOTHILL HIGH SCHOOL/CLARK COUNTY SCHOOL DISTRICT POLICE;

26 ERIN WING and JEANNE DONADIO, collectively the "Defendants," hereby

27 agree  to  the  following  given  the  nature  of  this  action  which

28 involves John Doe's educational records and medical records, and

possibly, PARENT DOE's medical records:

## **GENERAL STIPULATIONS**

1.   The "Litigation" shall mean the above-captioned case, Parent Doe vs. Clark County School District, et al., 2:15-cv-00793-RFB-GWF, United States District Court, District of Nevada,

2.   It is acknowledged there is a presumption of public access to judicial files and records and that good cause must be shown to overcome this presumption.  Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006).  The parties believe good cause exists, as set forth hereinafter, and submit this Stipulated Confidentiality Agreement and Protective Order (hereinafter "Protective Order") for the purpose of facilitating the exchange of documents and information between the parties in this action without having to unnecessarily involve the Court in the discovery process and in order to protect privacy interests of the parties and third parties as necessary.  Except as otherwise set forth herein, nothing in this Protective Order nor the production of any information or documents under the terms of this Protective Order nor any proceedings in this matter will be deemed an admission or waiver by any Party of any confidentiality protection otherwise applicable to any document or information produced in this Litigation.

3.   "Documents" shall mean and include any documents (whether in hard copy or electronic form), records, correspondence, analyses, assessments, photographs, memoranda, email communications, statements (financial or otherwise), audio recordings, video recordings, responses to discovery, tangible articles or things, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through

1 discovery or other means, in connection with this Litigation. A
2 draft or non-identical copy is a separate document within the
3 meaning of these terms. "Information" means any information
4 contained within a Document.

5     4.   "Party" (or "Parties") shall mean one party (or all
6 parties) in this Litigation, and their in-house and outside counsel.
7 "Producing Party" shall mean any person or entity who provides,
8 serves, discloses, files, or produces any Documents or Information.
9 "Receiving Party" shall mean any person or entity who receives any
10 such Documents or Information.

11 **CONFIDENTIALITY AGREEMENT**

12     5.   The Parties agree that any Document or Information which
13 is/are medical records, records from the law enforcement
14 investigation of the underlying incident, designated expert reports,
15 employee personnel records and/or student school records may be
16 designated by the Producing Party as "CONFIDENTIAL" under the terms
17 of this Protective Order and any such designated Document or
18 Information shall not be provided to or made available to third
19 parties except as permitted by, and in accordance with, the
20 provisions of this Protective Order.

21     6.   Confidential Documents shall be so designated by marking
22 or stamping each page of the Document produced to or received from
23 a Party with the legend "CONFIDENTIAL - SUBJECT PROTECTIVE ORDER"
24 and the Document and Information contained therein shall be deemed
25 to be a Confidential Document or Information pursuant to this
26 Protective Order.

27     7.   Some or all of the testimony taken at a deposition may be
28 designated as CONFIDENTIAL by any Party making a statement to that

1   effect on the record at the deposition or within ten (10) business
2   days of receipt of the transcript.  If deposition testimony is to
3   be designated confidential then within 10 days of first receipt of
4   a transcript, or longer time period agreed to by counsel in writing
5   when necessary due to the length of a transcript, the designating
6   party shall send all other parties a designation in letter form
7   stating by specific citation to page and line numbers the part being
8   designated as confidential under this Agreement.  Additionally, the
9   designating party shall send a copy of the designating letter to the
10  court reporter requesting that it be placed with any transcript of
11  the designated deposition.

12      8.   CONFIDENTIAL Documents and Information shall be maintained
13  in strict confidence by the Parties who receive such Documents and
14  Information, shall only be used for the purpose of prosecution,
15  defense, or settlement of this action, and for no other purpose, and
16  shall not be disclosed to any person except:

17          (a) to the Court, including any appellate Court, so
18      long as the Document or Information is submitted under seal,
19      if required;

20          (b) to the attorneys of record in this Litigation (and
21      other assisting attorneys in the same firm) and paralegal,
22      clerical, and secretarial staff employed by such counsel or
23      CCSD's Legal Office;

24          (c) a Party, or an officer, director, agent, or
25      employee of a Party deemed necessary by counsel to aid in the
26      prosecution, defense, or settlement of this action;

27          (d) subject to the terms of Paragraph 9 below, experts
28      or consultants (and their clerical staff) consulted and/or

retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(e) court reporter(s) employed in this action;

(f) (1) expert witnesses at any deposition or pre-trial court proceeding; and

(2)(a) lay witnesses at any deposition or pre-trial court proceeding subject to the parties' agreement that medical records and counseling records of John Doe may only be shown to John Doe's parents and/or other person(s) present at the specific medical event recollected in the medical or counseling record (for example person present at the medical appointment or counseling session); and (b) medical records and counseling records of Parent Doe may only be shown to person(s) present at the specific medical event recollected in the medical or counseling record (for example person present at the medical appointment or counseling session). Nothing in this Subsection 2 prohibits a Party from questioning a lay witness about information contained in a medical or counseling record related to John Doe or Parent Doe;

(g) subject to the terms of Paragraph 9 below, any other person, only if the receiving Party has given written notice to the Producing Party of an intent to disclose specified CONFIDENTIAL Information to said person, who shall be identified by name, address, phone number, and relationship, if any, to the Receiving Party, and the Producing Party has not provided a written objection to the disclosure within ten (10) business days of delivery of the

notification. In the event of an objection, no disclosure shall be made pending the resolution of the objection.

(h) as used in this stipulation and order, the term "resolution of the objection" requires either a written, signed stipulation of the Parties or Court order.

9. With respect to experts or other persons pursuant to Paragraphs 8(d) and 8(g) above, the expert or other person must be provided a copy of this Protective Order and must sign a certification acknowledging that he/she has carefully and completely read, understands, and agrees to be bound by this Protective Order. The Party on whose behalf such a certification is signed shall retain the original certification.

10. Any person other than a Party, counsel for a Party, or a direct employee of such counsel/CCSD's Legal Office, having access to CONFIDENTIAL Documents or Information pursuant to paragraph 8, shall be provided a copy of this Protective Order by the Party providing access to the CONFIDENTIAL Document or Information. Such persons shall be bound by this Protective Order and shall not disclose the CONFIDENTIAL Document or Information to any persons not authorized under state or federal law or order of this Court to receive such Document or Information. Furthermore, any such person shall sign a statement of confidentiality prior to being furnished with any such CONFIDENTIAL Document or Information.

11. All designations of Documents and Information as CONFIDENTIAL must be made in good faith.

12. If any Party includes in papers to be filed with the Court: (i) a Document or Information designated or deemed as CONFIDENTIAL, or (ii) information solely derived from a Document or

Information designated or deemed as CONFIDENTIAL, such papers, or the confidential portion thereof, shall be filed under seal in accordance with Local Rule 10-5(b) and the Ninth Circuit's decision in <u>Kamakana v. City and County of Honolulu</u>, 447 *F3d* 1172 (9th Cir. 2006). Hard copies shall be submitted to the Parties in accordance with Local Rule 10-5 and local e-filing instructions. The parties understand that their designation of confidential documents/information is not binding on any court and if a court orders that such be filed not under seal then such will occur.

13. Parties shall also comply with all requirements of Fed. R Civ. P 5.2 with regard to documents that are filed with the Court.

14. This Protective Order does not affect access to CONFIDENTIAL Documents or Information by individuals, including employees of the CCSD, who are otherwise authorized by law to have such access. Nor does this Protective Order prevent a Party from revealing CONFIDENTIAL Documents and Information to a person who created or previously received (as an addressee or by way of copy) such Document or Information.

15. This Protective Order shall be without prejudice to the right of the Parties (i) to bring before the Court at any time the question of whether any particular Document or Information is, in fact, CONFIDENTIAL or whether its use should be restricted in any manner whatsoever; or (ii) to present a motion to the Court for a separate protective order as to any particular Document or Information, including restrictions differing from those specified herein.

16. A Party may object to the designation of particular Document or Information as CONFIDENTIAL by giving written notice to

the Party designating the disputed Document or Information. The written notice shall identify the Document or Information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the Document or Information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed Document or Information should be subject to the terms of this Protective Order. If such a motion is filed within twenty (20) business days after the date the notice is received, the disputed Document or Information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed Document or Information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order, except with regard to non-party FERPA Records, as hereinafter defined in Section 17 which shall always retain their status as CONFIDENTIAL, until the Court rules otherwise upon a motion filed by either Party. In connection with a motion filed under this provision, the Party designating the Document or Information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed Document or Information to be treated as CONFIDENTIAL.

17. FERPA is the Family Educational Rights and Privacy Act, 20 U.S.C. 1232g, which generally provides for the confidentiality of student educational records, as defined in the statute, with limited exceptions. "FERPA Records" are third-party student records protected by FERPA.

18.   If documents or information is/are produced not designated CONFIDENTIAL and the receiving party believes such should be confidential under this Stipulated Confidentiality Agreement, the receiving party may within 20 days of the applicable production mark said documents/information CONFIDENTIAL and provide said marked documents/information to the producing party with notice that it believes said documents should be confidential.  If such occurs then within ten (10) business days the producing party must inform the receiving party if it will comply with the confidentiality marking of receiving party.  If an agreement is not reached, the receiving party may follow the procedure set out in Section 16 above to obtain Court approval for marking said documents/information confidential by filing a motion within ten (10) business days after the 10 days for the producing party to respond has passed, in which case the receiving party will be the party bearing the burden to establish good cause, and pending a decision by the Court said documents shall be treated as confidential under this Agreement.

19.   While protected by this Protective Order, any Documents or Information designated as CONFIDENTIAL shall be held in strict confidence by each person to whom it is disclosed; shall be used solely for the purposes of this Litigation; and shall not be used for any other purpose, including, without limitation, use in any other lawsuit.  Documents and Information previously produced by the Parties prior to the entry of this Protective Order may be designated CONFIDENTIAL within 30 days after the date of this Protective Order or may be marked "CONFIDENTIAL" at the time of production and if the Court approves this Agreement such documents shall be deemed to fall under these provisions.

20.   A Party who through inadvertence produces any CONFIDENTIAL Document or Information without designating it as such in accordance with the provisions of this Protective Order shall not be deemed to waive any claim of confidentiality with respect to such Document or Information and the Producing Party may, promptly upon discovery, furnish a substitute copy properly designated along with written notice to all Parties (or written notice alone as to non-documentary Information) that such Document or Information is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Protective Order.   Each receiving person must thereafter treat such Document and Information as CONFIDENTIAL in accordance with the notice.   Disclosure of such Confidential Document or Information prior to the receipt of such notice shall not be deemed a violation of this Protective Order.   A Receiving Party who has disclosed such CONFIDENTIAL Documents or Information prior to the receipt of such notice shall take steps to cure such disclosure by requesting return of the original document and substituting it with the properly marked one.

### OTHER STIPULATED CONSIDERATIONS

21. If CONFIDENTIAL Documents or Information, including FERPA Records, are contained in any brief or other paper to be filed in the public record of the Court by a Party, the filing party shall comply with any court rule or local rule, including e-filing rule, with regard to filing sealed materials, or seeking leave to do so. The filing party shall serve an unredacted hard copy of the filing to the other parties in the case and to the court noting the specific parts of the filing that are being asserted as CONFIDENTIAL in an appropriately marked sealed envelope setting forth on its face

the case caption, the title of the paper, a notation that the paper is being filed under seal, and the title and date of the Court Order authorizing the paper to be filed under seal or that leave is being requested.  If such leave is not timely obtained, then the Party desiring to file the CONFIDENTIAL Document or Information shall confer in good faith with the Producing Party to determine how such Document or Information may otherwise be provided to the Court.  If the Court ultimately refuses to allow such Document or Information to be filed under seal, then it may be filed without being under seal notwithstanding any provision of this Agreement.  This section shall not apply to CONFIDENTIAL Document or Information submitted to the Court, but not filed with the Court, in Confidential Settlement Statements or other non-filed documents, however the party providing confidential materials, shall so advise the Court with specific citation to what parts are confidential under this Agreement.

22.  If any Party becomes required by law, regulation, or order of a court or governmental entity to disclose any CONFIDENTIAL Document or Information that has been produced to it under the terms of this Protective Order, such Party will reasonably notify the other Parties, in writing, so that the original Producing Party has an opportunity to prevent or restrict such disclosure by filing necessary objections.  The Party required to disclose any CONFIDENTIAL Document or Information shall use reasonable efforts to maintain the confidentiality of such CONFIDENTIAL Document or Information and shall cooperate with the original Producing Party in its efforts to obtain a protective order or other protection limiting disclosure; however, the Party required to disclose the

1  Document or Information shall not be required to seek a protective

2  order or other protection against disclosure which shall be the

3  burden of the designating party.

4      23.   This Protective Order shall be without prejudice to any

5  Party to claim that a Document is protected by the attorney-client

6  privilege, work product doctrine, or any other privilege or

7  limitation recognized under federal law.   Determinations of

8  confidentiality and privilege are separate, and nothing in this

9  Protective Order constitutes a waiver of privilege.   Nothing in this

10 Protective Order shall be construed as an admission or agreement

11 that any specific Document or Information is or is not CONFIDENTIAL,

12 subject to discovery, relevant, or admissible in evidence in this

13 or any future proceeding.

14     24.   Notwithstanding anything to the contrary herein, whenever

15 a Party deems a Document as CONFIDENTIAL because of a small portion

16 of the Information contained within the Document, that Party shall

17 make a good faith evaluation whether to designate only the

18 confidential portion of the Document as CONFIDENTIAL, instead of the

19 entire Document. If a portion of a Document is designated as

20 CONFIDENTIAL, the Document is not deemed CONFIDENTIAL so long as the

21 designated confidential portion is redacted.

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

1    25.  This Protective Order shall not be deemed to prejudice the

2  Parties in any way in any future application for modification of

3  this Protective Order.

4    **IT IS SO STIPULATED.**

5  DATED this 16th day of November, 2015.

6

7  FENNEMORE CRAIG, P.C.                CLARK COUNTY SCHOOL DISTRICT
                                        OFFICE OF THE GENERAL COUNSEL
8

9  By:/s/ Douglas M. Cohen             By:/s/ S. Scott Greenberg
       Douglas M. Cohen                    S. Scott Greenberg
10      Nevada Bar 1214                     Nevada Bar 4622
       300 South Fourth Street             5100 West Sahara Avenue
11      Suite 1400                          Las Vegas, NV 89146
       Las Vegas, NV 89101                 Attorneys for Defendants
12      Attorney for Plaintiff

13

14                              **ORDER**

15    The  foregoing  stipulated  Confidentiality  Agreement  and

16  Protective Order is adopted by the Court and hereby ordered.

17

18  Date: November 18, 2015

19                                      _____
                                        GEORGE FOLEY, JR.
20                                      United States Magistrate Judge

21

22

23

24

25

26

27

28

- 13 -