# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PARENT DOE and JOHN DOE,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CLARK COUNTY SCHOOL DISTRICT, *et al.*,<br><br>　　　　Defendants. | Case No. 2:15-cv-00793-APG-GWF<br><br>**ORDER OVERRULING OBJECTIONS AND GRANTING MOTION FOR LEAVE TO FILE A REPLY BRIEF**<br><br>(ECF Nos. 89, 92) |

　　　　Plaintiffs Parent and John Doe filed this lawsuit against defendants Clark County School District ("District"), Erin Wing, and Jeanne Donadio. The plaintiffs assert that John Doe's English teacher had a history of flirting with a minor male student and that Donadio, the Foothill principal, knew of this history when the teacher was hired. The teacher engaged in an improper sexual relationship with John Doe beginning in his freshman year. Based on that improper relationship, and the defendants' alleged actions and inactions in the aftermath, the Does bring several federal and state law claims against the defendants.

　　　　The Does object to the Magistrate Judge's order denying their motion to extend the expert disclosure deadline. Magistrate Judge Foley's order was not clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). The Does' efforts to extend the expert disclosure deadline were untimely and they did show good cause to extend the deadline. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The Does do not attempt to show the Magistrate Judge's ruling was clearly erroneous or contrary to law under the good cause standard for modifying a scheduling order.

　　　　Rather, the Does argue Magistrate Judge Foley's order effectively excludes the Does' experts and thus operates as a discovery sanction under Federal Rule of Civil Procedure 37. However, Judge Foley did not issue sanctions under Rule 37 nor did he order the exclusion of any

witness.  The parties did not brief exclusion or other sanctions under Rule 37 to the Magistrate Judge. ECF Nos. 83, 86, 87.  I decline to address an issue that was neither raised before nor ruled upon by the Magistrate Judge.

Finally, the Does move for me to consider a reply brief in support of their objections.  I will grant that motion.  However, the Does filed this motion under seal without leave of the court.  The motion and the proposed reply brief do not appear to contain information that should be sealed.  However, the exhibits attached to the reply brief contain information that should remain sealed, including the full names of fellow students who may be minors and Parent and John Doe's names.  I direct the Does to cease filing documents under seal without leave of the court and when they need to file exhibits with sealed information, to redact it.  The public has a right to access court proceedings.  That access should be maximized rather than thwarted through blanket sealing of documents that do not need to be sealed except for a small of amount of information that could easily be redacted.

IT IS THEREFORE ORDERED that the plaintiffs' objections **(ECF No. 89) are OVERRULED**.

IT IS FURTHER ORDERED that the plaintiffs' motion for leave to file a reply brief **(ECF No. 92) is GRANTED**.

IT IS FURTHER ORDERED that if any party determines that any portion of the motion for leave to file a reply or the documents attached thereto (ECF No. 92) should remain sealed, that party must file a motion to seal along with a proposed redacted version of the filing.  Any motion to seal must set forth compelling reasons to support sealing those portions.

IT IS FURTHER ORDERED that if a motion to seal is not filed by any party within 20 days of the date of this order, the motion for leave to file a reply will be unsealed (with the names of other students, Parent Doe, and John Doe redacted).

DATED this 21st day of April, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE