UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PARENT DOE and JOHN DOE,

Plaintiffs,

v.

CLARK COUNTY SCHOOL DISTRICT, *et al.*,

Defendants.

Case No. 2:15-cv-00793-APG-GWF

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL**

(ECF No. 102)

Plaintiffs move to seal their renewed motion to amend the complaint (ECF No. 75), their motion to file a reply brief (ECF No. 92), and their second amended complaint (ECF No. 101) because they contend those documents reveal information that would enable others to identify John Doe. Alternatively, they argue ECF Nos. 75 and 92 contain personal data which should be redacted if the documents are otherwise unsealed.

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* A "'compelling reasons' standard applies to most judicial records." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). Under this standard, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Kamakana*, 447 F.3d at 1178-79 (alteration and internal quotation marks and citations omitted). Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179

1. (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

A lower "good cause" standard applies to "private materials unearthed during discovery" as well as to "previously sealed discovery attached to a nondispositive motion." *Pintos*, 605 F.3d at 678. This standard asks "whether good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id.* (quotation omitted). Nondispositive motions and discovery "are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Id.* (quotation omitted).

The plaintiffs have not shown good cause for sealing the documents in their entirety. Most of the information the plaintiffs seek to seal has already been disclosed on the public record. Additionally, the second amended complaint is not tangentially related to the claims in this case. The public has an interest in understanding what claims are asserted in this case and the factual allegations supporting those claims. I therefore deny the motion to seal the documents in their entirety.

I grant the motion to redact John's birthdate from the second amended complaint, both as attached to ECF No. 75 and as separately filed at ECF No. 101. I also grant the motion to redact the names of minors, John Doe, Parent Doe, and others who would make identification possible in the exhibits attached to ECF No. 92. In addition to the missed redaction identified by the defendants in ECF No. 102 at page 24, line 20, I also direct the plaintiffs to ECF No. 102-2 at page 14, line 15 and at page 25, line 18, where other names should be redacted.

IT IS THEREFORE ORDERED that the plaintiffs' motion to seal **(ECF No. 102) is GRANTED in part and DENIED in part.**

IT IS FURTHER ORDERED that within 20 days of the date of this order, the plaintiffs shall file redacted, publicly accessible versions of ECF Nos. 75 and 92 consistent with this order.

/ / / /

Because ECF No. 101 has already been filed on the public record with the permitted redaction of John Doe's birthdate, the plaintiffs need not file another version of that document.

DATED this 1st day of June, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE