**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN DOE *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY SCHOOL DISTRICT, *et al.*,<br><br>Defendants. | Case No. 2:15-cv-00793-RFB-GWF<br><br>**ORDER** |

This matter is before the Court on Defendants Clark County School District, Jeanne Donadio, and Erin Wing's Motion to Seal Certain Exhibits to Defendants' Motion for Summary Judgment (ECF No. 109), filed on June 7, 2017.

Defendants request leave to file exhibits 1-5 to Defendant's Motion for Summary Judgment (ECF No. 107) under seal pursuant to the parties stipulated protective order. The Ninth Circuit comprehensively examined the presumption of public access to judicial files and records in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). There, the court recognized that different interests are at stake in preserving the secrecy of materials produced during discovery and materials attached to dispositive motions. The *Kamakana* court held that a "good cause" showing is sufficient to seal documents produced during discovery. *Id.* at 1180. However, the *Kamakana* decision also held that a showing of "compelling reasons" is needed to support the secrecy of documents attached to dispositive motions. A showing of "good cause" does not, without more, satisfy the "compelling reasons" test required to maintain the secrecy of documents attached to dispositive motions. *Id.* The court found that:

. . .

> Different interests are at stake with the right of access than with Rule 26(c); with the former, the private interests of the litigants are not the only weights on the scale. Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default. (Citation omitted). This fact sharply tips the balance in favor of production when a document formally sealed for good cause under Rule 26(c) becomes part of the judicial record. Thus, a "good cause" showing alone will not suffice to fulfill the "compelling reasons" standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments.

*Id.*

*Kamakana* recognized that "compelling reasons" sufficient to outweigh the public's interests in disclosure and justify sealing records exist when court records may be used to gratify private spite, permit public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (internal quotations omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*, citing, *Foltz v. State Farm Mutual Auto Insurance Company*, 331 F.3d 1122, 1136 (9th Cir. 1995). To justify sealing documents attached to dispositive motions, a party is required to present articulable facts identifying the interests favoring continuing secrecy *and* show that these specific interests overcome the presumption of public access by outweighing the public's interests in understanding the judicial process. *Id.* at 1181 (internal citations and quotations omitted).

Defendants argue that Plaintiff's transcript should be filed under seal out of an abundance of caution to prevent identification of the Doe party. Defendants further argue that medical records should be sealed pursuant to *Carmichael v. Aranas*, 2017 WL 955183, at *2 (D. Nev. Mar. 10, 2017). The *Carmichael* Court found that "a person's medical records contain sensitive and private information about their health," and "the [party]'s interest in keeping his sensitive health information confidential outweighs the public's need for direct access to the medical records." *Id.* On balance, here, the interest in keeping Plaintiff's medical records that contain sensitive and private information confidential outweighs the need for the public's access to information. The Court, therefore, grants Defendants' request to seal Exhibits 2-5. Defendants, however, have not provided sufficient compelling reasons why their Exhibit 1, Plaintiff's high school transcript, should be filed under seal. Defendants shall redact personal information from Exhibit 1 and file it

unsealed. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Clark County School District, Jeanne Donadio, and Erin Wing's Motion to Seal Certain Exhibits to Defendants' Motion for Summary Judgment (ECF No. 109) is **granted**, in part, and **denied**, in part, as follows:

1. Defendants shall redact personal information from Exhibit 1 and file it unsealed.
2. Exhibits 2, 3, 4, and 5 may be filed under seal.

DATED this 13th day of June, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge